REVISED August 23, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-50949
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERASMO CONTRERAS-AGUINAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-297-1

Before KING, HIGGINBOTHAM, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erasmo Contreras-Aguinaga appeals the 46-month sentence imposed after his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Contreras-Aguinaga argues that his illegal reentry

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense was not a crime of violence and was "at bottom, an international trespass." Contreras-Aguinaga also maintains that his sentence fails to reflect his personal history and characteristics, including his motive for reentering the United States.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Contreras-Aguinaga's 46-month sentence, within the guidelines range, is presumed reasonable on appeal. See United States v. Duarte, 569 F.3d 528, 530 (5th Cir.), cert. denied, 130 S. Ct. 378 (2009); United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009).

The district court considered Contreras-Aguinaga's request for a downward variance, and it ultimately determined that a sentence at the top of the guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Contreras-Aguinaga essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors by this court. However, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. We have also rejected Contreras-Aguinaga's "international trespass" argument. See United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006).

The district court did not abuse its discretion in imposing the 46-month within-guidelines sentence. See id. We affirm.

AFFIRMED.